IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Myra L. Crutchfield, | ) |
|                Plaintiff, | ) Civil Action No. 2:12-1462-RMG |
| v. | ) **ORDER** |
| Pfizer Inc., Kathy Spencer-Pike, Emily Carter, Elaine Shaw, | ) |
|                Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant in part and deny in part Defendants' motions to dismiss and strike. (Dkt. No. 28). The Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff filed this civil action alleging unlawful termination from her employment with Defendant Phizer Inc. and asserting causes of action under various federal statutes and state common law. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) DSC, this employment matter was referred to a Magistrate Judge for all pretrial proceedings. Defendants then filed motions to dismiss and strike pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Dkt. Nos. 12, 22). Plaintiff filed responses in opposition to the motions (Dkt. Nos. 18, 24). On May 22, 2013, the Magistrate Judge issued an R&R recommending the Court grant in part and deny in part Defendants' motions. (Dkt. No. 28). The parties did not file timely objections to the R&R.

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After careful review of the record, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the order of the Court. The Court agrees that Plaintiff's claims for intentional infliction of emotional distress are barred by the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code § 42-1-540. The Court also agrees that Plaintiff's claim for restitution and her claim for invasion of privacy against Defendants Kathy Spencer-Pike and Elaine Shaw should be dismissed for failure to state a claim. Finally, the Court concurs with the Magistrate Judge that Plaintiff's claim for wrongful discharge in violation of public policy should not be dismissed at this stage because of uncertainty in the legal boundaries of that cause of action.

## Conclusion

As set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 28). Accordingly, the Court grants in part and denies in part Defendants' motions to dismiss and strike. (Dkt. Nos. 12, 22). Specifically, Plaintiff's claims for intentional infliction of emotional distress, negligent supervision/retention, negligent training, and restitution are

dismissed as to all defendants. Plaintiff's claims pursuant to the ADA, ADEA, and Title VII and for breach of contract are dismissed as against the individual defendants: Kathy Spencer-Pike, Emily Carter, and Elaine Shaw. However, the Court does not dismiss Plaintiff's claim for wrongful discharge in violation of public policy and her claim for breach of confidence and invasion of privacy, except as to Defendants Kathy Spencer-Pike and Elaine Shaw. Defendants' motions to strike any paragraphs in the Amended Complaint are denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 13, 2013
Charleston, South Carolina